**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BOBBY M. ELLIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-05-249-F |
| | ) | |
| EUGENE VANHAUSEN and | ) | |
| MARK L. GIBSON, | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state pre-trial detainee appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  The matter has been referred for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C). An initial review of the Complaint has been conducted, as required by 28 U.S.C. §1915A.  Based on that review, it is recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

**Plaintiff's Claims**

Plaintiff is currently incarcerated in the Kay County Detention Center in Newkirk, Oklahoma.  Plaintiff alleges he has been incarcerated in Kay County since November 1, 2003.  He has named as Defendants in this action the Sheriff of the Kay County Detention Center, Eugene VanHausen,[1] and the District Attorney of Kay County, Mark Gibson.

---

[1] Plaintiff's correspondence with the Court Clerk [Doc. #5] indicates that the correct name of this Defendant may be Everette VanHoesen.

Plaintiff brings the following claims for relief. In Count I, Plaintiff alleges that his right to a fair and speedy trial has been violated. In Count II, Plaintiff alleges that unidentified guards at the Kay County Detention Center have forged money orders and medical records. In Count III, Plaintiff alleges "discrimination" at the Kay County Detention Center.

**Standard of Review**

This Court is under an obligation to review, as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must "identify cognizable claims" and shall dismiss the complaint, or any portion thereof, which "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

"Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corrections* 165 F.3d 803, 806 (10th Cir. 1999). In determining whether dismissal is proper, the Court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id*.

## Analysis

### Exhaustion of Administrative Remedies

Ordinarily, a prisoner challenging the conditions of his confinement must exhaust administrative remedies through the applicable prison grievance system before filing a federal lawsuit. *See* 42 U.S.C. § 1997e(a); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003). However, where the complaint is subject to dismissal for failure to state a claim upon which relief may be granted "the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2). Although it appears from the allegations of the Complaint that Plaintiff has failed to comply with the exhaustion requirement, as demonstrated below the Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Therefore, whether Plaintiff has sufficiently pled exhaustion of administrative remedies is not addressed.

### Count I -- Violation of Speedy Trial Rights

In Count I, Plaintiff alleges that he has been in the Kay County Detention Center since November 1, 2003, and that a preliminary hearing was not set until March 30, 2005. As a result, he claims his Sixth Amendment right to a fair and speedy trial has been violated. Plaintiff does not allege what type of relief he claims to be entitled to as a result of this alleged violation. Therefore, it is unclear whether Plaintiff seeks monetary damages, enforcement of his right to a speedy trial, or dismissal of the charges pending against him and release from detention.

However, Plaintiff has filed this action pursuant to § 1983. In *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) the United States Supreme Court emphasized that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983 and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). An alleged violation of Plaintiff's speedy trial rights necessarily involves a challenge to the fact or length of his custody, not the conditions of his confinement. Therefore, his claim is not cognizable in a § 1983 action and should be dismissed. *See, e.g., Jenkins v. Scott*, No. 94-3426, 1995 WL 547790 (10th Cir. Sept. 15, 1995) (unpublished op.)[2] (claim alleging violation of speedy trial rights are not cognizable in a § 1983 action but must be brought in a habeas action). While Plaintiff may choose to file an action pursuant to 28 U.S.C. § 2241, the instant action should not be construed as a habeas corpus action as Plaintiff has not demonstrated exhaustion of state court remedies.

Moreover, even if Petitioner's speedy trial claim were cognizable in a § 1983 action, his claim would fail on other grounds. Defendant Gibson, District Attorney of Kay County,

---

[2]This unpublished opinion is cited for its persuasive value in accordance with 10th Cir. R. 36.3(B).

is entitled to prosecutorial immunity from suit. It is well established that prosecutors are absolutely immune from suit for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The alleged denial of Plaintiff's right to a speedy trial is precisely the type of circumstance for which prosecutorial immunity applies. As to Defendant VanHausen, Plaintiff fails to allege facts demonstrating his personal participation in the alleged violation of his speedy trial rights. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996). Therefore, assuming the speedy trial claim could be raised in this § 1983 action, Plaintiff has failed to state a claim upon which relief may be granted.

### **Count II -- Forgery**

In his second Count, Plaintiff alleges that money orders and medical records have been forged by unnamed guards. Plaintiff has alleged no facts implicating the personal participation of either of the named Defendants. *See id*. And the allegations in support of this claim are wholly conclusory. Plaintiff alleges no facts to demonstrate how the alleged forgeries have violated his federally protected rights, an allegation necessary to the maintenance of a § 1983 action. *See Pitts v Turner and Boisseau Chartered*, 850 F.2d 650, 653 (10th Cir. 1988) (to state a § 1983 claim for relief, plaintiff must allege the violation of a federally protected right). To the extent Plaintiff relies upon the alleged forgeries themselves as a basis for relief, he brings claims arising under state law, not cognizable in a § 1983 action. *See, e.g., Jones v. City and County of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir.1988) (a violation of state law, by itself, does not rise to the level of a federal

constitutional deprivation and thus is not cognizable under § 1983). Therefore, the claims alleged in Count II of the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Count III -- Discrimination**

In the third and final Count of the Complaint, Plaintiff alleges "discrimination" based on "gender, race, color or creed." As "supporting facts" Plaintiff states: "[r]epeated offenders receive lesser sentencing than first time offenders, bonds are extreme and without regularity." *See* Complaint at 4. It appears that Plaintiff seeks redress on behalf of other inmates, rather than seeking redress for injuries personal to him. Plaintiff lacks standing to raise claims on behalf of other inmates. *See Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993). Moreover, Plaintiff fails to state how the alleged discrimination has caused injury to him and the allegations of the Complaint are too conclusory to state a valid claim. *Id* at 289-290 (conclusory allegations are insufficient to state a claim for relief pursuant to § 1983). Count III of the Complaint, therefore, should be dismissed.

**Access to the Courts / Conditions of Confinement**

Although not raised as a separate Count, the Complaint includes allegations that suggest a claim of denial of access to the courts. For instance, Plaintiff alleges that without legal assistance, he cannot adequately plead exhaustion of administrative remedies or the type of relief he requests. *See* Complaint at 5. Additionally, he alleges his legal mail has been tampered with at the Kay County Detention Center. If the Court were to liberally construe the Complaint to include a claim of denial of access to the courts, such a claim is

deficient. As the Supreme Court explained in *Lewis v. Casey*, 518 U.S. 343, 351 (1996) there is no "freestanding right to a law library or legal assistance" and a prisoner cannot demonstrate a violation of his right of access to the courts "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Rather, a prisoner must establish actual injury by demonstrating that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*.

Dismissal of the Complaint is recommended on grounds other than failure to exhaust administrative remedies. Therefore, to the extent a lack of legal assistance hindered his ability to adequately plead exhaustion, no actual injury to Plaintiff has resulted therefrom. Nor can Plaintiff demonstrate actual injury resulting from his inability to appropriately plead the type of relief he seeks. Finally, Plaintiff alleges no facts demonstrating that the alleged mail tampering has hindered his ability to pursue the instant action. Therefore, any claim for denial of access to the courts is deficient and should be dismissed for failure to state a claim upon which relief may granted.

The Complaint also includes the following allegations suggesting a challenge to the conditions of Plaintiff's confinement: "medical malpractice, willfull [sic] negligence, indecensy [sic] with minors, physical endangerment, abuse of judicial process, public endangerment." *See* Complaint at 5. These allegations are too conclusory to be cognizable in this § 1983 action. *Swoboda*, *supra*, 992 F.2d at 290. Therefore, to the extent these additional allegations are liberally construed as a claim challenging the conditions of

Plaintiff's confinement, the claim should be dismissed for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

It is recommended that the Complaint [Doc. #1] be dismissed upon initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by May __25th__, 2005. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __5th__ day of May, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE